LAURIE A. TRAKTMAN (SBN 165588)
STEVEN M. REHAUT (SBN 121710)
BENJAMIN M. O'DONNELL (SBN 309119)
**GILBERT & SACKMAN**
**A Law Corporation**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Facsimile: (323) 937-3139
Email: lat@gslaw.org
Email: smr@gslaw.org
Email: bodonnell@gslaw.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF NATIONAL ELECTRICAL BENEFIT FUND, AND BOARD OF TRUSTEES OF NATIONAL ELECTRICAL ANNUITY PLAN<br><br>        Plaintiffs,<br><br>        v.<br><br>KINDNESS GENERAL CONTRACTORS, LLC, also known as KINDNESS GENERAL CONTRACTORS, INC.,<br><br>        Defendant. | Case No. 8:19-cv-2384<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR BREACH OF TRUST AGREEMENTS; BREACH OF COLLECTIVE BARGAINING AGREEMENT |

**COMPLAINT**

Plaintiffs National Electrical Benefit Fund ("NEBF") and National Electrical Annuity Plan ("NEAP") (collectively "Trust Funds" or "Plans") aver as follows:

**JURISDICTION**

1. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). This action is brought by fiduciaries to the Plans and arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145, to redress violations or enforce the terms of ERISA or a multiemployer plan governed by Section 502(e) of ERISA 29 U.S.C. § 1132(e). Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

3. Venue is proper in this District Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a) because this is a district where a defendant resides or may be found, one of the signatory unions maintains its office, and the acts and omissions mentioned below took place.

**PARTIES**

Plaintiffs

4. The Plans are "multiemployer plans" and an "employee pension benefit plans" within the meaning of Sections 3(2)(A) and 3(37) of ERISA, 29 U.S.C. § 1002(2)(A) and (37)(A).

5. The Plans are jointly trusteed, labor-management trust funds within the meaning of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).

6. The Plans have been established and maintained pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Individual employers, such as Defendant, execute collective bargaining agreements that obligate them to make contributions to the Plans on behalf of their employees. As described more fully below, the Plans are funded by these contributions.

7. The administrative office of the Plans is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3266.

<u>Defendant</u>

8. Defendant KINDNESS GENERAL CONTRACTORS, LLC is an employer as defined in Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and is contractually and legally "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. Defendant is also an "employer" engaged in "commerce" in an "industry affecting commerce" as those terms are defined in Sections 501(1) and (3) of the Taft-Hartley Act, 29 U.S.C. § 142(1) and (3), and within the meaning of Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), or the agent acting in the interest of such an employer within the meaning of Section 501(3) of the Taft-Hartley Act, 29 U.S.C. § 142(3).

9. Upon information and belief, Defendant was a California corporation from its inception in 2000 until it was converted to a limited liability company in or around December 27, 2016.

COMPLAINT

10.     Upon information and belief, at all time relevant to this action, Defendant's business address and main place of business has been 6461 Global Drive, Cypress, California 90630.

## THE OBLIGATIONS TO CONTRIBUTE AND REPORT

11.     Defendant is a signatory and has been a signatory continuously during all relevant periods to Collective Bargaining Agreements with the IBEW Local Unions 47 and 1245 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the Plans on behalf of the employees covered by the collective bargaining agreements. The Plans have at all times been intended third party beneficiaries of these Collective Bargaining Agreements.

12.     Defendant, pursuant to the Collective Bargaining Agreements, has been bound and is bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the NEBF and the Restated Agreement and Trust for NEAP (collectively, the "Trust Agreements"), which have governed the administration of the Plans at all times relevant to this action.

13.     Pursuant to the Collective Bargaining Agreements and the Trust Agreements, Defendant is and has been at all times relevant to this action required to contribute to the NEBF at the rate of 3% of the gross labor payroll paid to all of the employees in the bargaining unit. Such contributions are due no later than fifteen days after the end of the month following the month in which the contributions were earned by the employees' labor. The Defendant has been fully aware of the obligation to timely pay contributions at all times relevant to this action.

14.     Pursuant to the Collective Bargaining Agreements and the Trust Agreements, Defendant is and has been at all times relevant to this action required to contribute to the NEAP. The amount of the contribution is determined by calculating the number of hours

worked by employees in each job classification and multiplying those by prescribed hourly contribution rates for each job classification set forth in the Collective Bargaining Agreements. Such contributions are due no later than fifteen days after the end of the month following the month in which the contributions were earned by the employees' labor. The Defendant has been fully aware of the obligation to timely pay contributions at all times relevant to this action.

15.    Pursuant to the Collective Bargaining Agreements and the Trust Agreement, Defendant is required to produce payroll reports along with each contribution, demonstrating the basis for the required contribution.

16.    Because contributing employers themselves calculate and prepare the monthly reports, the Plans must rely upon the honesty of employers and their accuracy in reporting the hours worked and contributions owed on behalf of their covered employees. To verify the accuracy of the reports, the Plans have at all times relevant to this action maintained employer audit programs pursuant to the Trust Agreements. As part of the audit programs, the Plans periodically audit the books and payroll records of contributing employers. If an audit reveals that an employer owes contributions to the Plans in excess of the amounts contained in the monthly remittance reports submitted by that employer to the Plans, the Plans may assess the delinquent contributions as well as the costs of the audit against the delinquent employer.

17.    If a contributing employer fails to make required contributions in a timely fashion, the Collective Bargaining Agreements and the Trust Agreements permit the Plans to impose the costs of an audit on the delinquent employer, liquidated damages up to twenty percent of the delinquent amount, and costs incurred in the collection of contributions including interest and attorney's fees.

18.    Section 515 of ERIA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

COMPLAINT

### THE EMPLOYER'S DELINQUENCIES

19.  Pursuant to the Trust Agreement, the Plans demanded that Defendant submit its payroll records for an audit of its books and records for the period of January 1, 2015 through December 31, 2017.

20.  Defendant failed and refused to provide records or otherwise to satisfy the Plans' demand for an audit.

21.  The Plans are informed and believe, and based upon such information and belief aver, that Defendant underreported its hours from January 1, 2015 through December 31, 2017.

22.  The Plans are informed and believe, and based upon such information and belief aver, that Defendant failed to contribute the entire amounts owed to the Plans from January 1, 2015 through December 31, 2017 and continuing through the date of this complaint. Defendant is therefore delinquent in its obligations to the Plans for such months in an amount which is presently unknown to the Plans, but which the Plans will establish by proof and at present is in excess of $50,000.00.

23.  Defendant owes liquidated damages for the late payment of contributions for the months of January 2015 through December 2017 and continuing through the present in an amount which is presently unknown to the Plans, but which the Plans will establish by proof and at present is in excess of $10,000.00.

24.  The Trust Agreements provide for interest to be paid on all delinquent contributions, calculated at the rate of ten percent per annum, compounded monthly.

25.  Defendant owes interest for the delinquent months of January 2015 through December 2017 in an amount which is presently unknown to the Plans, but which the Plans will establish by proof and at present is in excess of $5,000.00.

26.  The Plans have timely demanded that Defendant submit its records to an audit so that the precise amount of the delinquencies can be assessed, but Defendant has failed and refused to comply.

27.    Defendant is fully aware of the obligation to make contributions on behalf of covered work performed by Defendant's employees and the obligation to submit accurate remittance reports, as set forth herein, and is equally aware of its failure to make such contributions.

## FIRST CAUSE OF ACTION:
## AGAINST DEFENDANT FOR INJUNCTIVE RELIEF
## AND DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT

28.    The Plans reaver every averment of paragraphs 1 through 27 above as if they were repeated here in full.

29.    The Plans requested that Defendant submit its payroll records for an audit of its books and records for the period January 1, 2015 through December 31, 2017.

30.    Under the applicable Collective Bargaining Agreements, Defendant is obligated to produce its books and records for an audit upon request by the Plans.

31.    Defendant has failed and refused to provide the information requested.

32.    Defendant has thus breached the terms of the Collective Bargaining Agreements.

33.    The Plans are informed and believe, and based upon such information and belief aver, that Defendant has failed to make all contributions required by the Collective Bargaining Agreements, and that such delinquencies have occurred both before and after the date of this complaint, and are continuing. As a direct result, Defendant has become and will become indebted to the Plans for contributions and other sums in an amount which is presently unknown to the Plans but which the Plans will establish by proof and at present is in excess of $65,000.00.

34.    The Plans are informed and believe, and based upon such information and belief aver, that Defendants have threatened not to pay, and will refuse or fail to pay, future

contributions to the Plans, thereby creating future unpaid delinquencies during the remaining term of the Collective Bargaining Agreements.

35.     Unless Defendant is enjoined from failing to submit its records for audit and to timely make such contributions, the Plans will suffer irreparable injury for which there is no adequate remedy at law since, among other things, they will not be able to calculate the precise amount of contributions Defendant owes, and they will be required to bring a multiplicity of actions to recover such delinquencies as they occur, to the Plans' great expense and hardship. On that basis, the Plans seeks injunctive relief requiring Defendant to submit its records for audit and requiring it to make timely contributions.

## SECOND CAUSE OF ACTION:
## AGAINST DEFENDANT FOR INJUNCTIVE RELIEF
## AND DAMAGES FOR BREACH OF TRUST AGREEMENTS

36.     The Plans reaver every averment of paragraphs 1 through 35 above as if they were repeated here in full.

37.     Defendant's failure to produce records requested by the Plans for its audit, and failure to make all required contributions, are violations of the Trust Agreements. As a direct result, Defendants have become indebted to the Plans for contributions and other sums, and will become indebted to the Plans for additional contributions and other sums, in an amount which is presently unknown to the Plans but which the Plans will establish by proof and at present is in excess of $65,000.00.

38.     The Plans are informed and believe, and based upon such information and belief aver, that Defendant has threatened not to pay, and will refuse or fail to pay, future contributions to the Plans, thereby creating future unpaid delinquencies during the remaining term of the Collective Bargaining Agreements.

39.     Unless Defendant is enjoined from failing to submit its records for audit and to timely make such contributions, the Plans will suffer irreparable injury for which there

is no adequate remedy at law since, among other things, they will not be able to calculate the precise amount of contributions Defendant owes, and they will be required to bring a multiplicity of actions to recover such delinquencies as they occur, to the Plans' great expense and hardship. On that basis, the Plans seeks injunctive relief requiring Defendant to submit its records for audit and requiring it to make timely contributions.

## THIRD CAUSE OF ACTION:
## AGAINST DEFENDANT FOR INJUNCTIVE RELIEF AND DAMAGES
## FOR VIOLATION OF ERISA

40.    The Plans reaver every averment of paragraphs 1 through 39 above as if they were repeated here in full.

41.    By engaging in the acts described above, Defendant has violated the terms of the Trust Agreement and thereby has violated certain provisions of ERISA including Section 515, 29 U.S.C. § 1145. As a direct result, Defendant has become indebted to the Plans for contributions and other sums, and will become indebted to the Plans for additional contributions and other sums, in an amount which is presently unknown to the Plans but which the Plans will establish by proof.

42.    Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

43.    Under Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2), the Plans are entitled to an order compelling Defendant's specific performance of its obligation to submit to an audit under the terms of the Trust Agreements.

44.    Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that a fiduciary of a multiemployer plan bringing suit to recover delinquencies under Section 515 shall recover, in addition to the unpaid contributions, interest thereon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.

**PLAINTIFFS THEREFORE PRAY FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:**

1. For an order that Defendant provide the Plans with access to its payroll records within 10 days hereof for the period January 1, 2015, through the present so that a payroll compliance review can be completed;

2. For an order that Defendant timely pay all contributions shown to be due and owing upon completion of the Plans' compliance review and which amount the Plans will establish by proof but which is at present in excess of $50,000.00;

3. For an order enjoining Defendant, for so long as it remains contractually and legally bound to make payments of contributions to the Plans, from failing or refusing:

   a. to make payments of contributions to the Plans on the dates on which they fall due;

   b. to submit to the Plans remittance reports required from contributing employers on the dates on which they fall due;

   c. to submit to the Plans any and all information deemed necessary by the Plans to comply with the audit requirements of the Trust Agreements.

4. For an order that Defendant pay liquidated damages in the amount of 20% of the contributions shown to be due and owing and which amount the Plans will establish by proof but which is at present in excess of $10,000.00;

5. For an order that Defendant pay interest on all contributions shown to be due and owing at the rate of 10% per annum compounded monthly and which amount the Plans will establish by proof but which is at present in excess of $5,000.00;

6. For an order that Defendant pay reasonable attorney's fees and costs incurred by the Plans in this action;

7. For an order that Defendant pay the legal and auditor fees and costs incurred by the Plans in connection with this action and ensuing audit; and

8. For such other and further relief as this Court deems just and proper.

Dated: 12/11/2019                    Respectfully submitted,

                                     **GILBERT & SACKMAN**
                                     A Law Corporation

By:_____
                                     Laurie A. Traktman
                                     *Attorneys for Plaintiffs*